IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TRAVIS JAMES WEBB,

    Plaintiff,

v.                                                        Civil Action No. 3:10CV454

FAYE W. MITCHELL,

    Defendant.

## REPORT AND RECOMMENDATION

Travis James Webb, a Virginia state inmate proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

---

[1] This statute provides a private right of action against "[e]very person who, under color of [state law], subjects . . . any citizen . . . to the deprivation of any rights . . . secured by the Constitution and laws." 42 U.S.C. § 1983.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556).

Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations

Plaintiff brings this action against the Clerk of the Chesapeake Circuit Court, Ms. Mitchell. Plaintiff alleges that when Plaintiff appealed his convictions to the Court of Appeals of Virginia, Ms. Mitchell transmitted all of the transcripts except the transcript of the February 12, 2007 trial proceedings. Plaintiff alleges that Ms. Mitchell's failure to send the transcript of the February 12, 2007 proceedings resulted in the Court of Appeals dismissing two of Plaintiff's appeal claims, and thus constitutes a denial of Plaintiff's due process rights. Plaintiff demands $750,000.00 from Ms. Mitchell.

## Analysis

To state a claim for a due process violation, a plaintiff must complain of an "action [that] must have been intended to injure." *J.S. ex rel. Simpson v. Thorsen*, No. 2:10cv501, 2011 WL 690173, at *10 (E.D. Va. Feb. 25, 2011) (internal quotation marks and citations omitted). Such actions must rise to a level of "constitutional magnitude" consisting of "'only the most egregious

3

official conduct'" which "'shocks the conscience.'" *Waybright v. Frederick Cnty., Md.*, 528 F.3d 199, 204-05 (4th Cir. 2008) (*quoting Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)).

Viewing Plaintiff's allegations in the light most favorable to Plaintiff, the claims do "not rise to the level of conduct 'intended to injure.'" *J.S. ex rel. Simpson*, 2011 WL 690173, at *10. Plaintiff characterizes Ms. Mitchell's inaction as a "failure," "error," and a "misplacement" of a transcript. (Compl. 4.) Even if Ms. Mitchell was negligent or mistaken, such error does not rise to a level cognizable in a civil rights action. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("We conclude that the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."); *Waybright*, 528 F.3d at 205 (holding that "'negligently inflicted harm'" is "'categorically beneath the threshold of constitutional due process'" (*quoting Cnty. of Sacramento*, 523 U.S. at 849)); *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995) (emphasizing that a cause of action for restricting access to the courts cannot stand on an allegation of merely negligent conduct); *J.S. ex rel. Simpson*, 2011 WL 690173, at *10 (indicating that gross negligence does not state a claim in § 1983 absent an allegation of an intent to injure); *Lee X v. Casey*, 771 F. Supp. 725, 732 (E.D. Va. 1991). Plaintiff's complaint fails to allege any intent to injure, and thus it does not state a claim upon which relief can be granted under 42 U.S.C. § 1983.

Accordingly, it is RECOMMENDED that the action be DISMISSED.

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation

may result in the dismissal of his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within fourteen (14) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff. And it is so ORDERED.

/s/ MHL
M. Hannah Lauck
United States Magistrate Judge

Date: 5-2-11
Richmond, Virginia