IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TRAVIS JAMES WEBB,**

    Plaintiff,

v.                                                                          Civil Action No. **3:10CV454**

**FAYE W. MITCHELL,**

    Defendant.

## MEMORANDUM OPINION

Plaintiff, a former Virginia inmate, brings this civil rights action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

## I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

### Preliminary Review

    This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

    "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations

Plaintiff brings this action against the Clerk of the Chesapeake Circuit Court, Ms. Mitchell. Plaintiff alleges that when Plaintiff appealed his convictions to the Court of Appeals of Virginia, Ms. Mitchell transmitted all of the transcripts except the transcript of the February 12, 2007 trial proceedings. Plaintiff alleges that Ms. Mitchell's failure to send the transcript of the February 12, 2007 proceedings resulted in the Court of Appeals dismissing two of Plaintiff's appeal claims, and thus constitutes a denial of Plaintiff's due process rights. Plaintiff demands $750,000.00 from Ms. Mitchell.

### Analysis

To state a claim for a due process violation, a plaintiff must complain of an "action [that] must have been intended to injure." *J.S. ex rel. Simpson v. Thorsen*, No. 2:10cv501, 2011 WL 690173, at *10 (E.D. Va. Feb. 25, 2011) (internal quotation marks and citations omitted). Such actions must rise to a level of "constitutional magnitude" consisting of "'only the most egregious official conduct'" which "'shocks the conscience.'" *Waybright v. Frederick Cnty., Md.*, 528 F.3d 199, 204-05 (4th Cir. 2008) (*quoting Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)).

Viewing Plaintiff's allegations in the light most favorable to Plaintiff, the claims do "not rise to the level of conduct 'intended to injure.'" *J.S. ex rel. Simpson*,

2

> 2011 WL 690173, at *10 . Plaintiff characterizes Ms. Mitchell's inaction as a "failure," "error," and a "misplacement" of a transcript. (Compl. 4.) Even if Ms. Mitchell was negligent or mistaken, such error does not rise to a level cognizable in a civil rights action. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("We conclude that the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."); *Waybright*, 528 F.3d at 205 (holding that "'negligently inflicted harm'" is "'categorically beneath the threshold of constitutional due process'" (*quoting Cnty. of Sacramento*, 523 U.S. at 849)); *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995) (emphasizing that a cause of action for restricting access to the courts cannot stand on an allegation of merely negligent conduct); *J.S. ex rel. Simpson*, 2011 WL 690173, at *10 (indicating that gross negligence does not state a claim in § 1983 absent an allegation of an intent to injure); *Lee X v. Casey*, 771 F. Supp. 725, 732 (E.D. Va. 1991). Plaintiff's complaint fails to allege any intent to injure, and thus it does not state a claim upon which relief can be granted under 42 U.S.C. § 1983.
>
> Accordingly, it is RECOMMENDED that the action be DISMISSED.

(May 2, 2011 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within fourteen (14) days of the date of entry thereof. After the Court granted Plaintiff an extension of time, the Court received Plaintiff's objections on June 7, 2011.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "[W]hen a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and

recommendations," *de novo* review is unnecessary. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

### III. CONCLUSION

Plaintiff's objections merely restate the arguments he raised in his complaint. Namely, Plaintiff asserts that, due to Mitchell's negligence, Plaintiff lost his right to appeal. Plaintiff does not identify any error in the Magistrate Judge's recitation of the facts or the applicable law. *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." (*citing Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982))). Nor does Plaintiff attempt to allege, as he must, that Mitchell acted with a level of intent beyond mere negligence. Such allegations do not suffice to state a constitutional claim. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Plaintiff's objections will be OVERRULED. The Report and Recommendation will be ACCEPTED AND ADOPTED, and the action will be DISMISSED.

An appropriate Final Order will accompany this Memorandum Opinion.

It is so ORDERED.

Date: 8-1-11
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge